1  M Ray Hartman III, Bar No. 211205
   RHartman@perkinscoie.com
2  **PERKINS COIE LLP**
   11452 El Camino Real, Suite 300
3  San Diego, California 92130-2080
   Telephone:  +1.858.720.5700
4  Facsimile:   +1.858.720.5799

5  Simon M. Feng, Bar No. 295360
   SFeng@perkinscoie.com
6  **PERKINS COIE LLP**
   1888 Century Park East, Suite 1700
7  Los Angeles, California 90067-1721
   Telephone:  +1.310.788.9900
8  Facsimile:   +1.310.788.3399

9
   Attorneys for Defendant
10 AMAZON.COM SERVICES LLC

11

12              **UNITED STATES DISTRICT COURT**

13     **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

14

| | |
|---|---|
| 15  STATE FARM GENERAL INSURANCE COMPANY, | Case No. |
| 16          Plaintiff, | **DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL** |
| 17      v. | |
| 18  AMAZON.COM SERVICES LLC, a | [Removed from the Superior Court of the State of California for the County of Orange, Case No. 30-2022-01263611-CU-NP-WJC] |
| 19  Delaware corporation; and DOES 1-20, Inclusive, | |
| 20          Defendants. | Complaint Filed: June 7, 2022 |

21

22

23

24

25

26

27

28

-1-

NOTICE OF REMOVAL

157353392.1

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant Amazon.com Services LLC ("Amazon") removes this civil action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, under 28 U.S.C. §§ 1332, 1441, and 1446.  Diversity jurisdiction exists because there is complete diversity and the amount in controversy exceeds $75,000.

## I.    INTRODUCTION

1.    This is a subrogation action in which Plaintiff State Farm General Insurance Company ("Plaintiff") is seeking to recover damages for alleged property damage under product liability theories.

2.    Plaintiff filed its Complaint on June 7, 2022, in the Superior Court of the State of California, County of Orange, Case No. 30-2022-01263611-CU-NP-WJC.  A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

## II.    THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

3.    This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332 had Plaintiff filed this action initially in federal court.  Plaintiff is not a citizen of the same state as any of the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.    For the purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).  Plaintiff State Farm General Insurance Company is incorporated under the laws of Illinois and has its principal place of business in Illinois.  It is therefore a citizen of Illinois.

5.    For the purposes of diversity jurisdiction, limited liability companies are citizens of all states where each of their members is a citizen. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016).  Amazon.com Services LLC's

-2-

NOTICE OF REMOVAL

only member is Amazon.com Sales, Inc.  Amazon.com Sales, Inc. is incorporated under the laws of Delaware and its principal place of business is in Washington.  It is therefore a citizen of Delaware and Washington.

6.      The defendants identified as Does 1 through 20 in the Complaint are fictitious parties against whom no cause of action can be validly alleged.  To the best of Amazon's information and belief, no fictitiously designated defendant has been served with process, and these fictitious parties may be ignored for purposes of determining removal.

7.      Because Plaintiff is a citizen of Illinois while Amazon is a citizen of Delaware and Washington, complete diversity exists.

8.      Plaintiff seeks damages in the amount of at least $109,260.06.  *See* Compl., ¶¶ 17, 25, 32.  Therefore, Plaintiff's claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs.

## III.   ALL SERVED DEFENDANTS CONSENT TO REMOVAL

9.      Amazon, the removing party, is the only named and served defendant as of the filing of this Notice of Removal.

## IV.   THIS FILING IS TIMELY

10.     Plaintiff served Amazon on June 10, 2022.  Pursuant to 28 U.S.C. § 1446(b), Amazon filed this Notice of Removal within thirty (30) days after it was served.  Removal of this action is therefore timely.  *See* 28 U.S.C. § 1446(b).

## V.   VENUE OF REMOVED ACTION

11.     The Central District of California is the United States district court for the district and division embracing the state court where this action was filed and is pending.  Venue is proper in this Court under 28 U.S.C. § 1441(a).

## VI.   NOTICE TO THE STATE COURT

12.     A copy of this Notice of Removal is being served on all parties and filed with the Superior Court of the State of California, County of Orange, where this case was originally filed.

NOTICE OF REMOVAL

## VII.   PLEADINGS IN THE STATE COURT ACTION

13.    All process, pleadings, and orders served upon Amazon in this action are attached as **Exhibit 1**.  A true and correct copy of the Orange County Superior Court docket for this action is attached as **Exhibit 2**.

## VIII.   NON-WAIVER OF DEFENSES

14.    Amazon expressly reserves all of its defenses.  By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law.  Amazon expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim against Amazon or have any substantive merit.

15.    Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

WHEREFORE, Amazon hereby removes the above-entitled case to the United States District Court for the Central District of California, and seeks resolution by this Court of all issues raised herein.

Dated: July 8, 2022

Respectfully submitted,

**PERKINS COIE LLP**

By: */s/ Simon M. Feng*
          M Ray Hartman III, Bar No. 211205
          Simon M. Feng, Bar No. 295360

Attorneys for Defendant
AMAZON.COM SERVICES LLC

-4-

NOTICE OF REMOVAL

**PROOF OF SERVICE**

The undersigned hereby certifies under penalty of perjury under the laws of the State of California that, on July 8, 2022, she caused to be served on the person(s) listed below in the manner shown:

**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL**

Michael F. Long, Esq.
WATKINS & LETOFSKY, LLP
2900 S Harbor Boulevard, Suite 240
Santa Ana, California 92704
Telephone:  949.476.9400
Facsimile:  949.476.9407
Attorneys for Plaintiff
STATE FARM GENERAL INSURANCE COMPANY

☒    United States Mail, First Class
☐    By Messenger
☐    By Facsimile
☐    By E-Mail

Dated at Los Angeles, California, this 8th day of July, 2022.

_____
Carolyn A. Sanford

NOTICE OF REMOVAL

157353392.1

# EXHIBIT 1

Electronically Filed by Superior Court of California, County of Orange, 06/07/2022 04:19:22 PM.
30-2022-01263611-CU-NP-WJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM SERVICES, LLC, a Delaware corporation; and DOES 1-20, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STATE FARM GENERAL INSURANCE COMPANY,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> ~~Central Justice Center~~ <br> ~~700 Civic Center Drive West,~~ | Orange County Superior Court <br> West Justice Center <br> 8141 13th Street <br> Westminster, CA 92683 |

**CASE NUMBER:** *(Número del Caso):* 30-2022-01263611-CU-NP-WJC

Judge Walter Schwarm

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Watkins & Letofsky, LLP  2900 S Harbor Blvd., Suite 240 Santa Ana, CA 92704  949-476-9400

DATE: 06/07/2022  DAVID H. YAMASAKI, Clerk of the Court  Clerk, by *Katie Trent*, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).* Katie Trent

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Amazon.Com Services, LLC, a Delaware corporation

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* form unknown
4. ☒ by personal delivery on *(date):* 06/10/2022

Page 1 of 1

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov

-7-

Electronically Filed by Superior Court of California, County of Orange, 06/07/2022 04:19:22 PM.
30-2022-01263611-CU-NP-WJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

1   Michael F. Long, Esq. (SBN 134951)
    WATKINS & LETOFSKY, LLP
2   2900 S Harbor Boulevard, Suite 240
    Santa Ana, CA 92704
3   Telephone: (949) 476-9400
    Facsimile: (949) 476-9407
4

5   Attorney for Plaintiff, STATE FARM
    GENERAL INSURANCE COMPANY
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                             West  K.T.
9       FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10
    STATE FARM GENERAL INSURANCE         CASE NO.:  30-2022-01263611-CU-NP-WJC
11  COMPANY,                             [Unlimited Civil Case]

12                      Plaintiff,
                                         SUBROGATION COMPLAINT FOR
13       vs.                             DAMAGES:

14  AMAZON.COM SERVICES, LLC, a          1.   Negligence
    Delaware corporation; and DOES 1-20, 2.   Strict Products Liability
15  Inclusive,                           3.   Breach of Implied Warranties

16                      Defendants.          Assigned for All Purposes
17                                           Judge Walter Schwarm

18        COMES NOW PLAINTIFF, STATE FARM GENERAL INSURANCE COMPANY
19  (hereinafter "Plaintiff"), who is informed and believes and thereon alleges, against the named
20  Defendant and DOES 1-20, Inclusive, and each of them, as follows:
21        1.      Plaintiff is a corporation organized and existing under the laws of the State of
22  Illinois and is and was, at all times mentioned herein, qualified to do business in the State of
23  California.
24
          2.      Defendant, AMAZON.COM SERVICES, LLC, a Delaware corporation,
25
    (hereinafter "AMAZON") headquartered in Seattle, Washington, organized and existing under
26
    the laws of the State of Delaware and was at all times mentioned herein authorized to conduct
27
    business in the State of California.  AMAZON distributes and sells products, including bidets
28

                                        1
    ──────────────────────────────────────────────────
    STF.3225                       COMPLAINT

1  and its component parts, which is the focus of this complaint, on the date of loss that was
2  manufactured in China and sold through AMAZON.

3         3.     Plaintiff is ignorant of the true names and capacities of the defendants sued
4  herein as DOES 1-20, Inclusive, and therefore sues these defendants by fictitious names.
5  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.
6  Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of
7  the fictitiously named defendants is negligently or otherwise responsible in some manner, along
8  with the named defendants, for the occurrences herein alleged, and Plaintiff's damages as herein
9  alleged were legally and proximately caused by that negligence or other wrongful acts and/or
10  omissions and the negligence or other acts and/or omissions of both the named and fictitiously
11  named defendants.

12

13         4.     Plaintiff is informed and believes, and thereon alleges, that at all times herein
14  mentioned, the defendants named in this action, as well as the fictitiously named defendants,
15  and each of them, were agents and employees of the remaining defendants, and in doing the
16  things hereinafter complained of, were acting within the course and scope of such agency and/or
17  employment and with the knowledge and consent of the remaining defendants.

18         5.     Jurisdiction of this court is proper because all acts and omissions alleged herein
19  took place in the City of Santa Ana, County of Orange, State of California.

20         6.     At all times herein mentioned, Plaintiff alleges thereon that 11772 Las Palmas
21  Drive, Santa Ana, California 92705 ("subject property") was the private property owned by
22  Plaintiff's Insureds, John and Christie Scolano.

23         7.     On or about October 6, 2020, as a result of the improper and wrongful acts or
24  omissions to act by Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive,
25  a water loss occurred, ("water loss incident") at Plaintiff's Insureds' subject property when a
26  bidet believed to be a "Bidet Sprayer For Toilet, Handheld Cloth Diaper Spray, Bathroom Jet
27  Sprayer" ("bidet and its component parts") manufactured, designed, distributed, inspected,
28  supplied, serviced and sold by AIFUSI (China) through Defendants AMAZON.COM

2

STF.3225                    **COMPLAINT**

SERVICES, LLC and DOES 1-20, when the bidet and its component parts failed, causing extensive property damages. Mr. and Mrs. Scolaro stated when they came home the evening of October 6, 2020, they discovered water spraying all over their hall bathroom. The water was coming from their bidet's water supply line ("subject bidet's failed water supply line"). They had purchased the bidet off Amazon, from a seller called AIFUSI (China), order number 113-4726022-3653828 in May 2020, approximately six (6) months prior to the water loss incident. The Scolaros immediately turned the water to the bidet off, but the damages extended into 4-5 rooms resulting in damage to the flooring, furniture and all personal property in the master bedroom, guest bedroom and hallway.

8.   On or about February 23, 2021, STATE FARM's engineering expert conducted an analysis on the subject bidet's failed water supply line in the above-described water loss incident.   The analysis included visual and microscopic examinations with digital and dimensional documentations and pressure tests using city water.  The objective of the analysis was to determine the cause of the failure.  During the inspection the following results were reported: there were no manufacturer marks and the bidet appeared to be in a relatively new condition; the plastic insert incident the valve had fractured; the insert had also fractured inside the chrome plated brass sheathing. Pressure testing revealed a spray leak from the exposed liner inside the valve; the leak rate was measured to be approximately 5 gallons per minute at 55 psi. A microscopic examination of the fracture surface revealed that the fracture surface displayed a crescent-shaped region emanating from the inner surface of the insert.   This region had characteristics consistent with a slow, time dependent, crack growth mechanism.  The crack origin(s) were at the inner diameter surface and had propagated outward.  The sharp edge of a metal insert inside the polymer liner was evident at the area that the liner had torn.  There were no material anomalies evident on the polymer liner fractured surface.  The plastic insert on the bidet sprayer line fractured and separated inside the valve, causing the flexible inner polymer liner to stretch and subsequently tear and leak. The insert fracture in consistent with a slow crack growth mechanism due to void nucleation/growth on a microscopic level. The bidet failed due to leakage from a tear in the polymer liner at the area of the fractured plastic insert. The plastic

3

STF.3225                                    COMPLAINT

insert was located at an internal area of the fractured plastic insert. The plastic insert was located at an internal area not accessible to the average user, consistent with the failure being due to marginal design and not user abuse. All components appeared original and no modification by the insureds. There was no significant corrosion or degradation to the subject bidet from its service environment. The fracture occurred at an internal area not visible to the average user. In conclusion, a crack had initiated and propagated in the plastic insert for the spray handle supply line of the bidet and the ruptured polymer liner on the bidet sprayer caused the water leakage. The plastic insert on the bidet sprayer line fractured and separated inside the valve, causing the flexible inner polymer liner to stretch and subsequently tear and leak. The cause of the failure is the improper material selection and design not being able to withstand normal use stresses.

9.    The water loss incident described above was caused by the subject failed bidet water supply line and its component parts manufactured, designed, distributed, inspected, supplied, serviced, sold, by AIFUSI (China) through Defendants, AMAZON.COM SERVICES, LLC, and DOES 1-20, Inclusive. The water loss incident resulted in extensive damage to the dwelling, the personal property of Plaintiff's Insureds and loss of use of their subject property.

10.    Plaintiff's Insureds had purchased property insurance with Plaintiff prior to the above-described water loss incident. Plaintiff fulfilled its obligations pursuant to the insurance agreement ("the Policy") between Plaintiff and its Insureds and Plaintiff reimbursed its Insureds for the structure, personal property and loss of use damage from this water loss incident.

11.    Plaintiff, STATE FARM GENERAL INSURANCE COMPANY, is informed and believes, and thereon alleges, that the water loss incident that occurred in Plaintiff's Insureds' subject property from the subject failed bidet water supply line and its component parts was due to the improper actions and/or omissions to act of Defendants AMAZON.COM SERVICES, LLC.

### FIRST CAUSE OF ACTION FOR NEGLIGENCE

[Against Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive]

12.    Plaintiff incorporates by reference paragraphs 1 through 11 as though fully set forth herein.

4

STF.3225                                          COMPLAINT

13.     Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, had a duty to use reasonable care with respect to the manufacture, design, distribution, inspection, supply, service, sale of the AIFUSI (China) subject failed bidet water supply line and its component parts.

14.     Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, sold a negligently manufactured, designed, distributed, inspected, supplied, serviced, sold an AIFUSI (China) designed and manufactured bidet water supply line and the subject failed bidet water supply line and its component parts, and/or negligently failed to issue adequate instruction or warnings regarding the subject failed bidet water supply line and its component parts, such that the subject bidet water supply line and its component parts left Defendants' possession or control in a defective condition, with manufacturing and/or design defects and/or insufficient instruction or warning of safety hazards and/or installation instructions of the subject bidet water supply line and its component parts. A manufacturer, designer, distributer, inspector, supplier, servicer, and/or seller is negligent if it fails to use the amount of care in manufacturing, designing, distributing, inspecting, supplying, servicing, selling of the product that a reasonably careful manufacturer, designer, distributer, inspector, supplier, seller will use in similar circumstances to avoid exposing others to a foreseeable risk of harm. In determining whether Defendants used reasonable care, a trier of fact shall balance what Defendants knew or should have known about the likelihood and severity of potential harm from the product against the burden of taking safety measures to reduce or avoid the harm.

15.     The afore-described improper acts and/or omissions to act of Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, were the legal and proximate cause of damages to Plaintiff's Insureds and to Plaintiff.

16.     The afore-described improper acts and/or omissions to act of Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, were a substantial factor in causing harm to Plaintiff's Insureds and to Plaintiff.

17.     As a result of the negligence of Defendants, AMAZON.COM SERVICES, LLC., and DOES 1-20, Inclusive, Plaintiff's Insureds sustained at least $109,260.06 in damages, and the

5

damage amount is continuing and will further be pled at the time of trial. Plaintiff indemnified its Insureds for remediation, repairs, replacement and/or loss of use of property and paid on behalf of its Insureds the principal amount of $99,760.37 to date, and further monetary damages are expected and will be according to proof. The principal amount includes Plaintiff's Insureds' $1,000.00 deductible, which is recoverable under the Insureds' respective policy of insurance and included under Coverage A. Plaintiff's Insureds were paid $66,791.77 for dwelling damages under Coverage A; $19,879.45 for personal property damages under Coverage B; and $13,089.15 for loss of use under Coverage C. In addition, Plaintiff shall be seeking appropriate litigation costs of $800.00 to date for filing and service of this Complaint. Plaintiff is also seeking pre-judgment interest from the date of each insurance payment through April 1, 2022, which totals $8,699.69, to date and increasing daily at a rate of seven percent (7%) per annum. Plaintiff is seeking pre-judgment interest on this matter as a result of clear liability against the Defendants, who on behalf of themselves or via their own insurance carrier could have handled the claim of Plaintiff's Insureds, but instead required Plaintiff's Insureds to a file a first-party insurance claim with its own insurance carrier, STATE FARM GENERAL INSURANCE COMPANY. Thus, Plaintiff's damage claim to date is at least $109,260.06 and increasing daily. Plaintiff fulfilled its obligation pursuant to the insurance agreement between Plaintiff and Plaintiff's Insureds, for the property damage losses. Plaintiff now seeks recovery, by way of a subrogation claim, for all damages Plaintiff paid to or on behalf of its Insureds plus other miscellaneous damages, costs, expert fees, and pre-judgment interest from the date of loss, according to proof at trial.

### SECOND CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY
### [Against Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive]

18.     Plaintiff incorporates by reference paragraphs 1 through 19 as though fully set forth herein.

19.     Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, distributed, supplied and/or sold the subject failed bidet water supply line and its component parts, believed to be manufactured by AIFUSI (China), such that the product contained manufacturing defects, insufficient instructions and/or warnings of potential safety hazards and/or

6

STF.3225                                   COMPLAINT

-13-

design defects when the product left said Defendants' possession or control.

20.     The subject failed bidet water supply line and its component parts, contained a manufacturing defect (a product contains a manufacturing defect if the product differs from the manufacturers' designs or specifications or from other typical units of the same product line) and/or design defect (Consumer Expectation Test - that the subject failed bidet water supply line and its component parts, did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way) or (Risk Benefit Test – once Plaintiff proves all of the following:  1. That Defendants manufactured/distributed/sold the product;  2. That Plaintiff was harmed; and 3. That the [product]'s design was a substantial factor in causing harm to Plaintiff then Plaintiff prevails unless Defendants prove that the benefits of the product's design outweigh the risks of the design considering (a) The gravity of the potential harm resulting from the use of the product; (b) The likelihood that this harm would occur; (c) The feasibility of an alternative safer design at the time of manufacture; (d) The cost of an alternative design; and (e) The disadvantages of an alternative design; and (f) Other relevant factors) when it left the possession of Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, and / or failed to issue adequate instructions or warnings regarding the subject failed bidet water supply line and its component parts [1. That Defendants manufactured/ distributed/ inspected/ sold the product; 2. That the product had potential risks that were known or knowable in light of the scientific knowledge that was generally accepted in the scientific community at the time of manufacture/distribution/sale;  3. That the potential risks presented a substantial danger when the product is used or misused in an intended or reasonably foreseeable way; 4. That ordinary consumers would not have recognized the potential risks; 5. That Defendants failed to adequately warn or instruct of the potential risks;  6. That Plaintiff was harmed; and 7. That the lack of sufficient instructions or warnings was a substantial factor in causing Plaintiff's harm].

21.     Plaintiff's Insureds were the users of the subject failed bidet water supply line and its component parts.

22.     At the time of the incident described herein, the product was being used in the manner intended by Defendants, and/or in a reasonably foreseeable manner, and/or misused in a

7

-14-

reasonably foreseeable manner.

23. The afore-described improper acts and/or omissions to act of Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, were the legal and proximate cause of damages to Plaintiff's Insureds and to Plaintiff.

24. The afore-described improper acts and/or omissions to act of Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, were a substantial factor in causing harm to Plaintiff's Insureds and to Plaintiff.

25. As a result of the strict products liability by Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, Plaintiff's Insureds sustained at least $109,260.06 in damages, and the damage amount is continuing and will further be pled at the time of trial. Plaintiff indemnified its Insureds for remediation, repairs, replacement and/or loss of use of property and paid on behalf of its Insureds the principal amount of $99,760.37 to date, and further monetary damages are expected and will be according to proof. The principal amount includes Plaintiff's Insureds' $1,000.00 deductible, which is recoverable under the Insureds' respective policy of insurance and included under Coverage A. Plaintiff's Insureds were paid $66,791.77 for dwelling damages under Coverage A; $19,879.45 for personal property damages under Coverage B; and $13,089.15 for loss of use under Coverage C. In addition, Plaintiff shall be seeking appropriate litigation costs of $800.00 to date for filing and service of this Complaint. Plaintiff is also seeking pre-judgment interest from the date of each insurance payment through April 1, 2022, which totals $8,699.69, to date and increasing daily at a rate of seven percent (7%) per annum. Plaintiff is seeking pre-judgment interest on this matter as a result of clear liability against the Defendants. Thus, Plaintiff's damage claim to date is at least $109,260.06 and increasing daily. Plaintiff fulfilled its obligation pursuant to the insurance agreement between Plaintiff and Plaintiff's Insureds, for the property damage losses. Plaintiff now seeks recovery, by way of a subrogation claim, for all damages Plaintiff paid to or on behalf of its Insureds plus other miscellaneous damages, costs, expert fees, and pre-judgment interest from the date of loss, according to proof at trial.

8

## THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTIES

[Against Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive]

26. Plaintiff incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27. Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, distributed and /or supplied and/or sold the subject failed bidet water supply line and its component parts, such that the product contained manufacturing defects, insufficient instructions and/or warnings of potential safety hazards and/or design defects when the product left said Defendants' possession or control. It is believed the subject bidet and its component parts were manufactured by AIFUSI (China).

28. As a result, Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, breached the implied warranty of merchantability. The subject failed bidet water supply line and its component parts, was located and in use in Plaintiff's Insureds' subject property, and at the time, Defendants AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, were in the business of distributing, inspecting, supplying, and/or selling these goods and/or held itself out as having special knowledge or skill regarding these goods; subject failed bidet water supply line and its component parts; is believed the subject bidet and its component parts were manufactured by AIFUSI (China), was not of the same quality as those generally acceptable in the trade; and/or was not fit for the ordinary purposes for which such goods are used.

29. As a result, Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, breached the Implied Warranty of Fitness for a Particular purpose. subject failed bidet water supply line and its component parts, was located and in use in Plaintiff's Insureds' subject property and at the time, Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, knew or had reason to know that consumers intended to use the subject failed bidet water supply line and its component parts, for a particular purpose and that Plaintiff's Insureds was relying on the skill and judgment of Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, to furnish a bidet, a bidet water supply line and its component parts that were suitable for the particular purpose; and Plaintiff's Insureds justifiably relied on Defendants,

9

STF.3225                                    COMPLAINT

AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, skill and judgment and that the subject bidet water supply line and its component parts, was not suitable for its particular purpose when it failed and caused a water loss incident loss at Plaintiff's Insureds' subject property.

30. The afore-described improper acts and/or omissions to act of Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, were the legal and proximate cause of damages to Plaintiff's Insureds and to Plaintiff.

31. The afore-described improper acts and/or omissions to act of Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, were a substantial factor in causing harm to Plaintiff's Insureds and to Plaintiff.

32. As a result of the breach of implied warranties by Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, Plaintiff's Insureds sustained at least $109,260.06 in damages, and the damage amount is continuing and will further be pled at the time of trial. Plaintiff indemnified its Insureds for remediation, repairs, replacement and/or loss of use of property and paid on behalf of its Insureds the principal amount of $99,760.37 to date, and further monetary damages are expected and will be according to proof. The principal amount includes Plaintiff's Insureds' $1,000.00 deductible, which is recoverable under the Insureds' respective policy of insurance and included under Coverage A. Plaintiff's Insureds were paid $66,791.77 for dwelling damages under Coverage A; $19,879.45 for personal property damages under Coverage B; and $13,089.15 for loss of use under Coverage C. In addition, Plaintiff shall be seeking appropriate litigation costs of $800.00 to date for filing and service of this Complaint. Plaintiff is also seeking pre-judgment interest from the date of each insurance payment through April 1, 2022, which totals $8,699.69, to date and increasing daily at a rate of seven percent (7%) per annum. Plaintiff is seeking pre-judgment interest on this matter as a result of clear liability against the Defendants. Thus, Plaintiff's damage claim to date is at least $109,260.06 and increasing daily. Plaintiff fulfilled its obligation pursuant to the insurance agreement between Plaintiff and Plaintiff's Insureds, for the property damage losses. Plaintiff now seeks recovery, by way of a subrogation claim, for all damages Plaintiff paid to or on behalf of its Insureds plus other

10

STF.3225                                          COMPLAINT

miscellaneous damages, costs, expert fees, and pre-judgment interest from the date of loss, according to proof at trial.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, AMAZON.COM SERVICES, LLC and DOES 1-20, Inclusive, as follows:

1.   For all damages legally caused by Defendants' acts or omissions, in the amount of $109,260.06, and continuing, according to proof at trial;

| | |
|---|---|
| Insurance Benefits to Date: | $ 99,760.37 |
| Coverage A: Dwelling: | $ 66,791.77 |
| ($1,000.00 Insureds' deductible included in Coverage A) | |
| Coverage B: Personal Property | $ 19,879.45 |
| Coverage C: Loss of Use | $ 13,089.15 |
| Approximate litigation costs to date: | $   800.00 |
| 7% Pre-judgment interest to date | $ 8,699.69 |
| Total to date: | $ 109,260.06 |

2.   For continuing costs of suit incurred by Plaintiff herein;

3.   For continuing expert fees;

4.   For continuing pre-judgment interest according to proof; and

5.   For any and all such relief as the court may deem just and proper.

Dated: June 7, 2022          Respectfully,

WATKINS & LETOFSKY, LLP

MICHAEL F. LONG
Attorney for Plaintiff, STATE FARM
GENERAL INSURANCE COMPANY

11

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 8141 13th STREET<br>MAILING ADDRESS: 8141 13th Street<br>CITY AND ZIP CODE: Westminster 92683<br>BRANCH NAME: West Justice Center<br>PLANTIFF: State Farm General Insurance Company | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br><br>Jun 8, 2022<br><br>Clerk of the Court<br>By: Katie Trent, Deputy |
| DEFENDANT: Amazon.com Services, LLC | |
| Short Title: STATE FARM GENERAL INSURANCE COMPANY VS. AMAZON.COM SERVICES, LLC | |
| **NOTICE OF HEARING<br>CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2022-01263611-CU-NP-CJC |

Please take notice that a(n), Case Management Conference has been scheduled for hearing on 11/18/2022 at 09:00:00 AM in Department W08 of this court, located at West Justice Center.

Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters – https://www.occourts.org/media-relations/civil.html
Probate/Mental Health – https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division – https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles – https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental – https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones – https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự – https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần – https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm – https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _Katie Trent_____ , Deputy

**NOTICE OF HEARING**                                                                                      Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

West Justice Center
8141 13th STREET
Westminster 92683

SHORT TITLE: STATE FARM GENERAL INSURANCE COMPANY VS. AMAZON.COM SERVICES, LLC

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: |
|---|---|
| | 30-2022-01263611-CU-NP-CJC |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Westminster, California, on 06/08/2022. Following standard court practice the mailing will occur at Sacramento, California on 06/09/2022.

Clerk of the Court, by: *Katie Trent* , Deputy

WATKINS & LETOFSKY, LLP
2900 S HARBOR BOULEVARD #240
SANTA ANA, CA 92704

V3 1013a (June 2004)    Code of Civil Procedure , § CCP1013(a)

-20-

Electronically Filed by Superior Court of California, County of Orange, 06/07/2022 04:19:22 PM.
30-2022-01263611-CU-NP-WJC - ROA #3 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael F. Long, Esq.  (SBN: 134951)<br>Watkins & Letofsky, LLP<br>2900 S Harbor Blvd., Suite 240<br>Santa Ana, CA 92704<br>TELEPHONE NO.: 949-476-9400    FAX NO.: 949-476-9407<br>ATTORNEY FOR *(Name):* Plaintiff, State Farm General Insurance Company | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  **ORANGE**
STREET ADDRESS: Orange County Superior Court
MAILING ADDRESS: West Justice Center
CITY AND ZIP CODE: 8141 13th Street
BRANCH NAME: Westminster, CA 92683

CASE NAME:
STATE FARM v. AMAZON.COM SERVICES, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | 30-2022-01263611-CU-NP-WJC |
| | | | JUDGE: Judge Walter Schwarm |
| | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☑ Other non-PI/PD/WD tort (35)

**Employment:**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Three - Negligence, Strict Products Liability, Breach of Implied Warranties
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 7, 2022

Michael F. Long, Esq.
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**INFORMATION PACKAGE**

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

L1200 (Rev. Oct. 2014)                                                    Page 1 of 4

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. Oct. 2014)                                                        Page 2 of 4

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.**   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.**   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.**   Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials.  Sometimes parties will try a combination of ADR types.  The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 480-6572

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE).  For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session.  For the ENE  program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session.  Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                    Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:            Bar No: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
             ☐ Under section 1141.11 of the Code of Civil Procedure
             ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____     _____     _____
                   (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____     _____     _____
                   (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                 California Rules of Court, rule 3.221
L1270 (Rev. July 2014)



**COURT • PROCESS**
**DELIVERY • DISCOVERY**
**DEPOSITION OFFICER**

Certified eFiling Service Provider (EFSP), California Superior Courts

PROCESS SERVICE - NATIONWIDE

**294758**



customerservice@ddslegal.com
(714) 662-5555

## COMPLETE BY
## 6/22/2022

Watkins & Letofsky  LLP
2900 S Harbor Blvd Ste. 240
Santa Ana, CA 927046418
P (949) 476-9400
Contact: Christian Castro
Email Address:
Reference: STF.3225 MFL

**SERVEE:** Amazon.Com Services, LLC, a Delaware corporation

DOCUMENTS:  Notice Of Hearing Case Mangement
Conference; Clerk's Certificate Of Service By Mail;
Alternative Dispute Resolution (ADR) Information Package;

Date Ordered: 6/8/2022
Case Name: State Farm General Insurance
Company vs Amazon.Com Services, LLC, a
Delaware corporation
Case Number: 30202201263611CUNPWJC
Department: W08
Business Address - CORPORATION SERVICE COMPANY
410 Terry Ave N
Seattle, WA 98109-5210

## SERVER: NTW

**Special Instructions:**

SERVER: NTW Corporation Service Company AGENT FOR SERVICE  SP***This is the
agent of service address: 410 TERRY AVENUE NORTHSEATTLE WA 98109***   DDS
LDS 06/22

## DDS LDS 06/22

We shall make all reasonable effort for prompt delivery but assume no responsibility for loss arising from late delivery.
DDS's liability for any direct economic damage incurred as a result of any breach, failure, act or omission of DDS and
employees shall not exceed $250.00 per invoice. Under no circumstances shall DDS be liable for incidental or
consequential damages.

# EXHIBIT 2

Case Summary:

| Case Id: | 30-2022-01263611-CU-NP-WJC |
|---|---|
| Case Title: | STATE FARM GENERAL INSURANCE COMPANY VS. AMAZON.COM SERVICES, LLC |
| Case Type: | NON-PI/PD/WD TORT - OTHER |
| Filing Date: | 06/07/2022 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 41344075 RECEIVED ON 06/07/2022 04:19:22 PM. | 06/08/2022 | | *NV* | |
| 2 | COMPLAINT FILED BY STATE FARM GENERAL INSURANCE COMPANY ON 06/07/2022 | 06/07/2022 | | 11 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY STATE FARM GENERAL INSURANCE COMPANY ON 06/07/2022 | 06/07/2022 | | 2 pages | ☐ |
| 4 | SUMMONS ISSUED AND FILED FILED BY STATE FARM GENERAL INSURANCE COMPANY ON 06/07/2022 | 06/07/2022 | | 1 pages | ☐ |
| 5 | PAYMENT RECEIVED BY DDSLEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 13059836 AND RECEIPT NUMBER 12887837. | 06/08/2022 | | 1 pages | ☐ |
| 6 | CASE ASSIGNED TO JUDICIAL OFFICER SCHWARM, WALTER ON 06/07/2022. | 06/07/2022 | | *NV* | |
| 7 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 11/18/2022 AT 09:00:00 AM IN W08 AT WEST JUSTICE CENTER. | 06/08/2022 | | 2 pages | ☐ |
| 8 | E-FILING TRANSACTION 21171389 RECEIVED ON 06/14/2022 05:16:52 PM. | 06/14/2022 | | *NV* | |
| 9 | NOTICE - OTHER FILED BY STATE FARM GENERAL INSURANCE COMPANY ON 06/14/2022 | 06/14/2022 | | 7 pages | ☐ |
| 10 | E-FILING TRANSACTION 21173413 RECEIVED ON 06/20/2022 02:30:30 PM. | 06/20/2022 | | *NV* | |
| 11 | PROOF OF SERVICE OF 30-DAY SUMMONS & COMPLAINT - SUBSTITUTE FILED BY STATE FARM GENERAL INSURANCE COMPANY ON 06/20/2022 | 06/20/2022 | | 3 pages | ☐ |
| 12 | NOTICE OF RELOCATION | 07/01/2022 | | 2 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| WATKINS & LETOFSKY, LLP | ATTORNEY | | 06/08/2022 | |
| STATE FARM GENERAL INSURANCE COMPANY | PLAINTIFF | | 06/08/2022 | |
| AMAZON.COM SERVICES, LLC | DEFENDANT | | 06/08/2022 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| CASE MANAGEMENT CONFERENCE | 11/18/2022 | 09:00 | W08 | SCHWARM |

Print this page